IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-134-H
No. 4:17-CV-182-H

ERIC LAMONT SMITH,           )
    Petitioner,          )
                     )
    v.                   )
                     )          **ORDER**
                     )
UNITED STATES OF AMERICA,     )
    Respondent.          )

This matter is before the court on petitioner's motion to vacate, [DE #122[1], #132, DE #133, DE #134, and DE #135]. Petitioner filed two letters, [DE #154 and DE #155], which this court construes as motions to amend his § 2255 motion and hereby GRANTS the motions and the contents will be considered herein. The government moved to dismiss, [DE #140], and petitioner responded, [DE #146 (unsigned) and DE #148 (signed)].

Petitioner has also filed a motion to reduce sentence regarding the Drug Quantity Table amendment, [DE #111].

Petitioner filed the following letters: (1) requesting a copy of his indictment and a § 2255 form, [DE #127]; (2) inquiring about his motion to modify his sentence and requesting copy of his docket

---

[1] Petitioner filed a motion to modify sentence pursuant to <u>Dean v. United States</u>, [DE #122], which the court construed as a motion to vacate pursuant to 28 U.S.C. § 2255. [DE #131]. The clerk re-docketed the motion at DE #122 as a motion to vacate at DE #132. Per the court's order, the petitioner refiled his motion on the correct form [DE #133]. He then filed duplicates of the same motion. [DE #134 and #135].

sheet [DE #128]; and (3) regarding his pending § 2255 motion, and informing the court he did not intend for his motion to modify to be construed as a § 2255, but rather was asking for an extension [DE #136]. The clerk provided a copy of the proper form to petitioner for filing his motion to vacate pursuant to 28 U.S.C. § 2255, as directed by the court in light of petitioner's letter, [DE #127], and petitioner filed on the correct form. [DE #133, DE #134, and DE #135]. These letters have been addressed herein.

## BACKGROUND

On November 5, 2014, a jury found petitioner guilty of distribution of a quantity of marijuana, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(D) (Counts One and Two); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three); possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count Four); possession with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Five); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Six). Petitioner was sentenced by this court to a total term of imprisonment of 106 months on February 24, 2015. Petitioner appealed, and his conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit. [DE #117].

Now before the court is petitioner's motion to vacate, in which presents the following claims:

1. He should be resentenced to a sentence of one (1) day on counts one through five, in light of <u>Dean v. United States</u>, 137 S. Ct. 1170 (2017). [DE #122 at 2, 5].

2. An ineffective assistance of counsel claim for various reasons detailed herein.

3. Petitioner's due process rights were violated by the violation of petitioner's speedy trial rights due to his being detained for a period of fifteen (15) months prior to trial and the failure of petitioner to be brought to trial within ninety (90) days of his arrest, [DE #133 at 5, 16].

4. Failure of the government to disclose <u>Brady</u> Information, specifically regarding disclosure of a confidential informant. [DE #133 at 7].

5. He requests relief by making a bald request pursuant to two cases, <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), and <u>Simmons v. United States</u>, 917 F.3d 312 (4th Cir. 2019), [DE #154].

6. He also requests relief by making a request pursuant to two additional cases, <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019) and <u>Shular v. United States</u>, 140 S. Ct. 779 (2020). [DE #155].

<u>**COURT'S DISCUSSION**</u>

**I.   Petitioner's motion to reduce sentence, [DE #111]**

Petitioner filed a motion to reduce sentence regarding the Drug Quantity Table amendment, [DE #111]. As this motion is almost identical to petitioner's motion at DE #106, which this court denied at DE #110, and in light of petitioner's lack of showing any reason for the court to alter its prior order, this motion, [DE #111], is hereby DENIED.

**II.  Petitioner's motion to vacate**

**A. <u>Dean v. United States</u> Relief**

Petitioner contends he should be resentenced to a sentence of one (1) day on counts one, two, three, four, and five, in light of <u>Dean v. United States</u>, 137 S. Ct. 1170 (2017) (holding "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count."). [DE #122 at 2, 5]. However, petitioner has not stated how or why he is entitled to a one-day sentence in light of <u>Dean</u>. In his response to the government, petitioner states "I never said that the Court violated <u>Dean</u> when imposing my sentence. I simply asked the court to modify my sentence." [DE #148 at 1]. Finding petitioner has failed to allege a basis in law for his request, petitioner's motion for relief pursuant to <u>Dean</u> is hereby DENIED.

4

### B. Ineffective Assistance of Counsel

#### a. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, when challenging a guilty plea, petitioner "must show

that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (citations omitted).

### b. Analysis

#### i. Failure to Allege Ineffective Assistance

Petitioner makes the following claims as to how his counsel rendered ineffective assistance of counsel: failing to investigate and file a motion to suppress regarding contaminated evidence, namely the bookbag found under the stairs of a near-by building which if counsel had investigated, petitioner contends, could have exonerated petitioner, [DE #133 at 4, 14 and DE #148 at 2]; failing to argue petitioner's speedy trial rights were violated, [DE #133 at 4, 14]; and failing to object to prosecutorial misconduct, which petitioner alleges occurred when a witness was permitted to testify who "was not on the main witness list," [DE #133 at 15].

Petitioner contends the officer who found the bookbag contaminated it with petitioner's DNA. [DE #148 at 2]. However, this bookbag was found with a keychain containing a picture of petitioner's child. [DE #117 at 3]. Therefore, petitioner has not alleged how counsel's decision not to file a motion to suppress the allegedly contaminated bookbag fell below the standard of reasonably effective assistance. Strickland, 466 U.S. at 687-91.

6

Petitioner has not alleged how his speedy trial rights were violated. In each order continuing his arraignment at defendant's request, Speedy Trial Act time was excluded. [DE #21, #24, #34]. The government contends counsel acted reasonably in moving to continue petitioner's arraignment, moving once due to a need to review discovery and evidence including meeting with the defendant; an additional motion to continue with the consideration of a mutually acceptable Plea Agreement opportunity that would obviate the need for a jury trial; and on an additional motion when new counsel took the case. [DE #20, #23, and #33]. Finally, the Court continued petitioner's arraignment after granting counsel's motion to withdraw based on a newly-discovered conflict of interest. [DE #52, #53]. Based on this information, plaintiff has not alleged how any of his counsel acted unreasonably in failing to raise speedy trial issues with the court. Therefore, this claim fails.

Contrary to petitioner's argument, his counsel did object at trial to the calling of a witness who was not on the government's witness list. [DE #86 at 201-03]. The court ultimately denied that objection. [DE #86 at 203]. Moreover, counsel raised a similar claim on direct appeal, and the Fourth Circuit rejected it for lack of prejudice. [DE #117 at 7-9]. Therefore, petitioner has failed to state a claim on this issue.

### ii. Claims Unsupported

Petitioner attempts to allege the following claims as to how his counsel rendered ineffective assistance of counsel: failing to have evidence tested that was obtained by the confidential informant in counts one and two, [DE #133 at 4]; failing to investigate witnesses, [DE #133 at 4, 14, 17-18]; failing to subpoena the confidential informant, [DE #133 at 14, 17-18]; and failing to adequately review the case as petitioner contends counsel "only went over the case a total of forty (40) minutes while [petitioner] was incarcerated." [DE #133 at 17].

However, petitioner has failed to allege any facts which would show petitioner's counsel's conduct was outside "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Therefore, he fails to state a claim as to these issues.

### iii. Trial Strategy

Petitioner also contends counsel rendered ineffective assistance of counsel for four different reasons: 1) failing to ask voir dire questions of the jury that would identify bias and resentment, [DE #133 at 15]; 2) failing to object to improper questioning, [DE #133 at 17]; 3) referring to criminal history issues when petitioner was on the stand, [DE #133 at 17]; and 4) failing to cross-examine Debbie White "to the fullest of his ability during trial." [DE #133 at 18].

8

"Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel, 350 U.S. at 101). Here, petitioner has not alleged any facts showing that counsel's behavior was not reasonably part of his trial strategy. Therefore, petitioner fails to state a claim.

## C. Due Process Violation

Petitioner contends not only that counsel rendered ineffective assistance due to his speedy trial rights being violated, but also that the violation of his speedy trial rights violated his due process rights. Petitioner contends his speedy trial rights were violated by his being detained for a period of fifteen (15) months. [DE #133 at 5]. Petitioner also contends that his first two lawyers filed motions to continue without his consent which caused his speedy trial clock to stop. [DE #148 at 1]. He also stated that he complained to the judge that was presiding over his case in two letters, [DE #35 and DE #55]. [DE #148 at 2].

However, as petitioner filed an appeal before the Fourth Circuit and this claim was not raised on direct appeal, the claim is

9

procedurally defaulted. As petitioner has failed to demonstrate "cause" and "prejudice" or "actual innocence, this claim may not be raised on collateral review. <u>Bousley v. United States</u>, 523 U.S. 614, 622-23 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' …, or that he is 'actually innocent.'") (internal citations omitted). Therefore, petitioner's claim must be dismissed.

## D. Government's Failure to List a Witness

Petitioner contends the government "listed a [confidential informant] as a 'witness' on the witness list but failed to list the witness as part of discovery." [DE #133 at 7]. As discussed supra, the Fourth Circuit rejected a similar argument on direct appeal for lack of prejudice. [DE #117 at 9]. Additionally, the Fourth Circuit found the government had listed the witness in its Federal Rule of Evidence 404(b) notice. [DE #117 at 8]. As this is a matter that has been decided before the Fourth Circuit, petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" by the Fourth Circuit. <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976) (citing <u>Herman v. United States</u>, 227 F.2d 332 (4th Cir. 1955). Therefore, petitioner's claim must be dismissed.

### E. Relief under <u>Davis</u> and <u>Simmons</u>

Petitioner requests relief by making a bald request for relief pursuant to two cases, <u>United States and Davis</u>, 139 S. Ct. 2319 (2019), and <u>United States and Simmons</u>[2], 917 F.3d 312 (4th Cir. 2019), [DE #154]. As petitioner has offered no argument in support of his request for relief, he has failed to state a claim upon which relief may be granted and the claims must be dismissed.

### F. Relief under <u>Rehaif</u> and <u>Shular</u>

Petitioner additionally requested relief pursuant to <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019) and <u>Shular v. United States</u>, 140 S. Ct. 779 (2020). [DE #155]. Counsel was appointed pursuant to Standing Order 20-SO-2, [DE #158], and filed a motion to withdraw as counsel on the basis that he found "no good faith basis to seek to amend the petition to vacate filed <u>pro se</u> by the petitioner pursuant to 28 U.S.C. § 2255." [DE #160]. The court granted counsel's motion to withdraw as attorney. [DE #161]. The court has reviewed petitioner's claim and finds petitioner has failed to state a claim for relief pursuant to <u>Rehaif</u>. Furthermore, petitioner has offered no argument as to the basis for his entitlement to relief under <u>Shular</u>, and petitioner was not sentenced under the Armed Career Criminal Act ("ACCA"). Therefore,

---

[2] Petitioner does not specify whether he is seeking relief pursuant to <u>United States v. Simmons</u>, 917 F.3d 312 (4th Cir. 2019) or <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). However, petitioner has not alleged facts supporting a claim under either case.

petitioner's argument that he is afforded relief pursuant to <u>Rehaif</u> and <u>Shular</u> is without merit.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #140], is hereby GRANTED, and petitioner's motion to vacate, [DE #122, #132, DE #133, DE #134, DE #135, DE #154 and DE #155], is hereby DISMISSED. Petitioner's motion to reduce sentence, [DE #111], is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 29th day of May 2020.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

12